G. Thomas Martin, III, Esq. (SBN 218456)
Nicholas J. Bontrager, Esq. (SBN 252114)
**MARTIN & BONTRAGER, APC**
4605 Lankershim Blvd., Suite 535
Toluca Lake, CA 91602
Telephone: 323.940.1700
Facsimile: 323.328.8095
tom@mblawapc.com
nick@mblawapc.com
Attorneys for Plaintiff
MATTHEW GUARNIERI

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| MATTHEW GUARNIERI,<br><br>                    Plaintiff,<br><br>        vs.<br><br>BE MONEY INC. dba DAYLIGHT<br><br>                    Defendant(s). | Case No.: 2:22-cv-1824<br><br>**[CLASS ACTION]**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

## <u>INTRODUCTION</u>

1.    MATTHEW GUARNIERI (Plaintiff), through his attorneys, brings this action to secure redress from BE MONEY INC. dba DAYLIGHT (hereinafter "Daylight" or "Defendant") for violations of the Electronic Fund Transfer Act, 15 U.S.C. 1693 et seq. ("EFTA").

2.    Plaintiff brings this Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendant in failing to perform a reasonably diligent investigation into Plaintiff's disputes concerning his personal banking account with Defendant.  Plaintiff alleges

as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## JURISDICTION AND VENUE

3.    This Court has jurisdiction under 28 U.S.C. 1331, because this action is brought pursuant to the EFTA, 15 U.S.C. 1693 *et seq.*

4.    Jurisdiction of this Court arises pursuant to 15 U.S.C. 1693(m), which states that, "without regard to the amount in controversy, any action under this section may be brought in any United States district court."

5.    Venue and personal jurisdiction in this District are proper pursuant to 28 U.S.C. 1391(b) because Defendant, a corporation, is located in West Hollywood, CA and does or transacts business within this District and Plaintiff resides within this district.

6.    Plaintiff is a natural person residing in Los Angeles County, State of California.

## FACTUAL ALLEGATIONS

7.    Plaintiff used his Daylight account to pay for his stay at a Ramada Inn (hereinafter "merchant") from December 2 – December, 10, 2021.   Plaintiff checked out of the merchant on December 10, 2021 and paid his closing bill in full.

8.    One week after check out, Plaintiff received an additional unauthorized charge/debit for $500.00 from the merchant which posted to Plaintiff's Daylight account.

9.    Plaintiff immediately contacted both the merchant and Daylight to dispute the unauthorized $ 500.00 charge/debit on December 17, 2021.

10.    On January 24, 2022, Daylight denied Plaintiff's dispute and closed his account.

11.    At no time between when Plaintiff disputed the error on December 17, 2022 and when Daylight denied Plaintiff's dispute and closed his account on

January 24, 2022 did Daylight provide a provisional credit to Plaintiff pending the results of its investigation.

12.    15 U.S.C. § 1692(f)(a)(1)(2) & (3) of the EFTA provides as that if a financial institution, within sixty days after having transmitted to a consumer documentation pursuant to section 1693d(a), (c), or (d) of this title or notification pursuant to section 1693d(b) of this title, receives oral or written notice in which the consumer—

(1) sets forth or otherwise enables the financial institution to identify the name and account number of the consumer;

(2) indicates the consumer's belief that the documentation, or, in the case of notification pursuant to section 1693d(b) of this title, the consumer's account, contains an error and the amount of such error; and

(3) sets forth the reasons for the consumer's belief (where applicable) that an error has occurred, the financial institution shall investigate the alleged error, determine whether an error has occurred, and report or mail the results of such investigation and determination to the consumer within ten business days.

13.    Here, Daylight did not report or mail the results of its investigation and determination to Plaintiff within ten (10) business days as required under 15 U.S.C. § 1692(f)(a)(1)(2) & (3).

14.    Additionally, 15 U.S.C. § 1693(f)(c) of the EFTA provides that if a financial institution receives notice of an error in the manner and within the time period specified in subsection (a), it may, in lieu of the requirements of subsections (a) and (b), within ten business days after receiving such notice provisionally recredit the consumer's account for the amount alleged to be in error.

15.    Defendant never at any point in time provided Plaintiff with a provisional credit.

//

//

CLASS ACTION COMPLAINT FOR DAMAGES

## **CLASS ACTION ALLEGATIONS**

16.    Plaintiff brings this class action lawsuit individually and as a class action pursuant to Federal Rule of Civil Procedure ("Rule") 23, seeking declaratory and equitable relief on behalf of the two class of persons (collectively, the "Class"):

1693(f) Error Resolution Class:  All persons who were lawfully issued a Daylight debit card for the purpose of accessing money deposited into a Daylight account, during the period from and including March 18, 2021 through the present ("Class Period"), who were not provided with the results of Defendant's error resolution investigation nor a provisional credit within the ten business days following a dispute of an error.

17.    Excluded from the above-proposed Class is Defendant's officers and directors and any entity in which any Defendant has a controlling interest.

18.    Plaintiff reserves the right under Rule 23 to amend or modify the class descriptions with greater specificity or further division into subclasses or limitation to particular issues, based on information learned after the filing of this Complaint.

19.    This action has been brought and may properly be maintained as a class action against Daylight pursuant to the provisions of Rule 23.

**a. Numerosity (Rule 23(a)(1))**: The members of the Class are so numerous that their individual joinder is impracticable. Tens of thousands people, or more, meet would be members of the putative Class as defined above. Insofar as class members may be identified through business records regularly maintained by Daylight or Daylight's employees, agents, principles, joint venturers, partners, affiliates, parents, or subsidiaries, and through the media, the number and identities of putative Class members can be ascertained. Members

of the putative Class can be notified of the pending action by e-mail, U.S. mail, and supplemented by published notice, if necessary.

**b. Commonality (Rule 23(a)(2) and 23(b)(3))**: There are questions of law and fact common to the Class. These questions predominate over any questions affecting only individual class members. These common legal and factual issues include, but are not limited to:

i. Whether Defendant systematically engaged in conduct that constitutes per se violations of the EFTA, 15 U.S.C. § 1692(f)(a)(3) and 15 U.S.C. § 1692(f)(c);

ii. Whether Defendant must provide damages, restitution, reimbursement, and/or other relief to Plaintiff and the Class Members for its unlawful conduct Bank of America's unlawful conduct.

**c. Typicality (Rule 23(a)(3))**: Plaintiff's claims are typical of the claims of the members of the putative Class. Plaintiff, like all other members of the putative Class, has sustained damages arising from Defendant's violations of the law, as alleged herein. The representative Plaintiff and the members of the putative Class were and are similarly or identically harmed by the same unlawful, deceptive, unfair, systematic, and pervasive pattern of misconduct engaged in by Defendant.

**d. Adequacy of Representation (Rule 23(a)(4))**: The representative Plaintiff will fairly and adequately represent and protect the interests of the putative Class members, and she has retained counsel who are experienced and competent trial lawyers in complex litigation and class action litigation. There are no material conflicts between the claims of the representative Plaintiff and the members of the putative Class that would make class certification inappropriate. Counsel for

the putative Class will vigorously assert the claims of all putative Class members.

20.    This action is properly maintained as a class action pursuant to Rule 23(b) of the Federal Rules of Civil Procedure for the following reasons:

**a. Class Action Status (Rule 23(b)(1))**: Class action status is warranted here under Rule 23(b)(1)(A) because prosecution of separate actions by putative Class members would create a risk of establishing incompatible standards of conduct for Defendant. Class action status is also warranted under Rule 23(b)(1)(B) because prosecution of separate actions by putative Class members would create a risk of adjudication with respect to individual members of the Class that, as a practical matter, would be dispositive of the interests of other members not parties to this action, or that would substantially impair or impede their ability to protect their interests.

**b. Declaratory and Injunctive Relief (Rule 23(b)(2))**: Certification under Rule 23(b)(2) is warranted because Defendant acted or refused to act on grounds generally applicable to the putative Class, thereby making appropriate final injunctive, declaratory, or other appropriate equitable relief with respect to the putative Class as a whole.

**c. Superiority (Rule 23(b)(3))**: Certification under Rule 23(b)(3) is appropriate because questions of law or fact common to putative Class members predominate over any questions affecting only individual members, and class action treatment is superior to the other available methods for the fair and efficient adjudication of this controversy

- 6 -

d. The Class is ascertainable, and there is a well-defined community of interest in the questions of law or fact alleged herein since the rights of each Class member were infringed or violated in the same or similar fashion.

## FIRST CAUSE OF ACTION

**(Violations of the Electronic Funds Transfer Act**), **15 U.S.C. § 1693**

21. Plaintiff repeats and incorporates by reference each and every allegation set forth above, as though fully set forth here.

22. Plaintiff brings this cause of action pursuant to the United States Electronic Funds Transfer Act ("EFTA") and 12 C.F.R. §§ 1005.1–1005.20 (Regulation E of the EFTA).

23. Plaintiff and Class members provided notice to Daylight within 60 days after Daylight sent a period statement reflecting an unauthorized transaction (which is an "error" under Regulation E), thereby triggering the error resolution requirements of 12 C.F.R. § 1005.11.

24. Daylight violated Regulation E, 12 C.F.R. § 1005.11(c)(1) and c(2) which by failing report or mail the results of its investigation and determination to Plaintiff within ten (10) business days and Regulation E, 12 C.F.R. § 1005.11, because it failed to provide provisional credit to Plaintiff and Class members accounts relating to error investigations that could not be resolved within 10 business days.

25. By failing to provisionally credit Plainitff's and Class Members' accounts, Defendant has failed to conduct good faith investigations into the unauthorized transactions that Plaintiff and Class members have reported or attempted to report by, among other things, failing to provide Plaintiff and Class members reasonable access to Defendant's customer service, and failing to provide Plaintiff and Class members meaningful assistance when they have been able to

reach customer service. Plaintiff and Class members are therefore entitled to treble damages under 15 U.S.C. § 1693f(e).

26. Daylight violated Regulation E by failing to limit Plaintiff's and Class members liability as required by 12 C.F.R. § 1005.6(b).

27. Plaintiff, on behalf of himself and the Class, seek the following relief: (a) actual damages (b) statutory damages; (d) treble damages pursuant to 15 U.S.C. § 1693f(e).

28. 15 U.S.C. §1693f(a)(3), provides that if a consumer notifies a financial institution of an "error" related to an electronic fund transfer within sixty (60) days of said error, "the financial institution shall investigate the alleged error, determine whether an error has occurred, and report or mail the results of such investigation and determination to the consumer within ten business days.

29. Additionally, 15 U.S.C. § 1693(f)(c) of the EFTA provides that if a financial institution receives notice of an error in the manner and within the time period specified in subsection (a), it may, in lieu of the requirements of subsections (a) and (b), within ten business days after receiving such notice provisionally recredit the consumer's account for the amount alleged to be in error.

30. Pursuant to 15 U.S.C. §1693(e), a financial institution is not only liable under §1693m, but is subject to treble damages, should the Court find that: (1) the financial institution did not provisionally recredit a consumer's account within the ten-day period specified in subsection (c), and the financial institution (A) did not make a good faith investigation of the alleged error.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. For an order certifying the Class as defined above, appointing Plaintiff as representative for the Class, and appointing Plaintiff's counsel as counsel for the Class;

CLASS ACTION COMPLAINT FOR DAMAGES

B.     For declarative and injunctive relief prohibiting Defendant from engaging in the misconduct described herein, including but not limited to ordering that Defendant take each of the following corrective actions: (1) To report the results of its error investigation or provide provisional credit for errors within ten (10) business days;

C.     Statutory damages of $1,000.00 per 15 U.S.C. §1693m;

D.     Actual damages per 15 U.S.C. § 1693m;

E.     Costs and reasonable attorneys' fees per 15 U.S.C. § 1693m;

F.     Treble Damages pursuant to 15 U.S.C. § 1693f(e);

G.     For prejudgment interest at the legal rate; and

H.     Any other relief this Honorable Court deems appropriate.

## **TRIAL BY JURY**

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury

RESPECTFULLY SUBMITTED,

Dated: March 18, 2022          **MARTIN & BONTRAGER, APC**


By: /s/ G. Thomas Martin, III

G. Thomas Martin, III
*Attorney for Plaintiff*

CLASS ACTION COMPLAINT FOR DAMAGES