### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.: 2:22-cv-01824-FWS-KS | Date: October 18, 2022 |
| Title: Matthew Guarnieri v. Be Money Inc. | |

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**Proceedings:** ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS AND DENYING DEFENDANT'S MOTION TO STRIKE [34]

    Before the court is Defendant Be Money Inc., d/b/a Daylight's ("Defendant") Motion to Dismiss and Strike Class Allegations in Plaintiff Matthew Guarnieri's ("Plaintiff") First Amended Complaint. (Dkt. 34 ("Motion" or "Mot.").) Plaintiff opposes the Motion. (Dkt. 36 ("Opposition" or "Opp.").) Defendant replied to the Opposition. (Dkt. 37 ("Reply").)

    The court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); L. R. 7-15 (authorizing courts to "dispense with oral argument on any motion except where an oral hearing is required by statute"). Based on the record, as applied to the applicable law, the court **GRANTS IN PART AND DENIES IN PART** the Motion to Dismiss and **DENIES** the Motion to Strike.

/ / /

/ / /

/ / /

/ / /

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:22-cv-01824-FWS-KS                    Date: October 18, 2022
Title: Matthew Guarnieri v. Be Money Inc.

### I.    Relevant Background

A.    Summary of Allegations[1]

Plaintiff paid for a hotel room at a Ramada Inn ("Ramada") where he stayed from December 2, 2021, to December 10, 2021, using an account he held through Defendant. (Dkt. 33 ("FAC") ¶ 7.)  One week after he checked out, Plaintiff received an additional charge for $500.00 from the Ramada on his account which he alleges he did not authorize at check-out ("Transaction"). (*Id.* ¶ 8.)  He "immediately contacted" both the Ramada and Defendant to dispute the Transaction on December 17, 2021. (*Id.* ¶ 9.)  On December 20, 2021, Plaintiff received an email from the Ramada stating he was charged because his cat supposedly caused $500.00 worth of damage to the room in which he stayed. (*Id.* ¶ 10.)  The email also noted the flooring in the room would need to be replaced and that the Ramada's staff spent several hours cleaning the room, but it did not provide further detail regarding the damages. (*Id.* ¶¶ 12-13.)  The email also claimed the Ramada sustained 10 days of lost revenue, which was not included in the Transaction's $500.00 total charge. (*Id.* ¶ 14.)  The Ramada did not attach photographs or other evidence substantiating the damages claim to the email. (*Id.* ¶ 11.)

Plaintiff alleges the Transaction's $500.00 amount was "inflated," "baseless, unfounded, and made in bad faith" because the Ramada "included no documents, photographs or other purported evidence to substantiate its claim[s]" and "this $500.00 amount did not include the merchant's staff's alleged time spent cleaning the room, or, any lost revenue." (*Id.* ¶ 15.)  On December 21, 2021, Plaintiff requested supporting documentation, including photographs or itemized receipts, but never received a response from the Ramada. (*Id.* ¶ 16.)  Accordingly, on December 22, 2021, Plaintiff contacted Defendant to inform Defendant he wanted to dispute the Transaction, because he had received no documentation or response from the Ramada. (*Id.* ¶ 17.)  Defendant's representative stated Plaintiff's complaint was "filed [] as a billing discrepancy since [Plaintiff] [did] recognize the merchant," and, "[o]therwise, [Defendant would] have to cancel and reissue [Plaintiff's] card." (*Id.* ¶ 17.)

---

[1] For the purposes of the Motion, the court accepts all allegations of material fact as true and construes the pleadings in the light most favorable to Plaintiff.  *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:22-cv-01824-FWS-KS                                     Date: October 18, 2022
Title: Matthew Guarnieri v. Be Money Inc.

On December 26, 2021, Plaintiff contacted Defendant for an update on his dispute; Defendant's representative replied that Defendant typically "get[s] a first update at about 10 business days from filing" and that Defendant expected "feedback around 1/5/22." (*Id.* ¶ 18.) On January 5, 2022, Plaintiff again requested an update; Defendant's representative replied they expected to have an update by the end of the week due to the holiday season. (*Id.* ¶ 19.) Plaintiff followed up the next day "to express his displeasure that his account had not been credited as requested"; Defendant's representative informed him that Defendant "need[ed] to give the merchant time to respond, which in non-fraud cases can [take] up to 30 calendar days from filing" under "FDIC and CFPB guidelines." (*Id.* ¶ 20.) On January 24, 2022, Defendant denied Plaintiff's dispute and closed his account. (*Id.* ¶ 21.)

Plaintiff alleges Defendant "did not report or mail the results of its investigation and determination to Plaintiff within ten (10) business days" and never provided Plaintiff with "a provisional credit to Plaintiff pending the results of its investigation." (*Id.* ¶¶ 25-26.) Based on these allegations, Plaintiff brings one claim against Defendant based on violations of the Electronic Funds Transfer Act, 15 U.S.C. § 1693 ("EFTA") and its implementing Regulation E, 12 C.F.R. §§ 1005.1-1005.20 ("Regulation E"). (*Id.* ¶¶ 32-41.) Plaintiff alleges Defendant violated the EFTA and Regulation E by "failing [to] report or mail the results of its investigation and determination to Plaintiff within ten (10) business days"; "failing to limit" Plaintiff's liability; and "fail[ing] to provide provisional credit to Plaintiff['s] . . . account[] relating to error investigations that could not be resolved within 10 business days" such that "Defendant [] failed to conduct good faith investigations into the" Transaction. (*Id.* ¶¶ 35-37.)

Plaintiff also seeks to represent a class consisting of "[a]ll persons who were lawfully issued a Daylight debit card for the purpose of accessing money deposited into a Daylight account, during the period from and including March 18, 2021, through the present ('Class Period'), who were not provided with the results of Defendant's error resolution investigation nor a provisional credit within the ten business days following a dispute of an alleged error." (*Id.* ¶ 27.)

/ / /

/ / /

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:22-cv-01824-FWS-KS        Date: October 18, 2022
Title: Matthew Guarnieri v. Be Money Inc.

  B. <u>Procedural History</u>

 Plaintiff filed the Complaint in this action on March 18, 2022. (Dkt. 1.) Defendant moved to dismiss the Complaint on June 3, 2022. (Dkt. 28.) Approximately two weeks later, on June 16, 2022, Plaintiff filed the FAC. (*See* FAC.) Defendant then brought the Motion on June 30, 2022, seeking to dismiss Plaintiff's claim under Federal Rule of Civil Procedure 12(b)(6) and to strike Plaintiff's class claims pursuant to Federal Rule of Civil Procedure 12(f). After the matter was fully briefed, (Opp.; Reply), the court took the Motion under submission, (Dkt. 39).

**II. Legal Standards**

  A. <u>Rule 12(b)(6) Motion to Dismiss</u>

 Rule 12(b)(6) permits a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007). To withstand a motion to dismiss brought under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a plaintiff must provide "more than labels and conclusions" and "a formulaic recitation of the elements of a cause of action" such that the factual allegations "raise a right to relief above the speculative level." *Id.* at 555 (citations and internal quotation marks omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (reiterating that "recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). "A Rule 12(b)(6) dismissal 'can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Godecke v. Kinetic Concepts, Inc.*, 937 F.3d 1201, 1208 (9th Cir. 2019) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:22-cv-01824-FWS-KS　　　　　　　　　　　　　　　　　　Date: October 18, 2022
Title: Matthew Guarnieri v. Be Money Inc.

___

"Establishing the plausibility of a complaint's allegations is a two-step process that is 'context-specific' and 'requires the reviewing court to draw on its judicial experience and common sense.'" *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 995-96 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 679). "First, to be entitled to the presumption of truth, allegations in a complaint . . . must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Id.* at 996 (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)). "Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Id.* (quoting *Baca*, 652 F.3d at 1216); *see also Iqbal*, 556 U.S. at 681. But "'[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.'" *Eclectic Props. E., LLC*, 751 F.3d at 996 (quoting *Iqbal*, 556 at U.S. 678).

In *Sprewell v. Golden State Warriors*, the Ninth Circuit described legal standards for motions to dismiss made pursuant to Rule 12(b)(6):

> Review is limited to the contents of the complaint. *See Enesco Corp. v. Price/Costco, Inc.*, 146 F.3d 1083, 1085 (9th Cir. 1998). All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. *See id.* The court need not, however, accept as true allegations that contradict matters properly subject to judicial notice or by exhibit. *See Mullis v. United States Bankr. Ct.*, 828 F.2d 1385, 1388 (9th Cir.1987). Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

266 F.3d 979, 988 (9th Cir. 2001).

/ / /

/ / /

___

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 2:22-cv-01824-FWS-KS | Date: October 18, 2022 |
| Title: Matthew Guarnieri v. Be Money Inc. | |

B.  Rule 12(f) Motion to Strike

  Under Rule 12(f), the court may strike from a pleading an insufficient defense or redundant, impertinent, or scandalous matter. Fed. R. Civ. P. 12(f). "'The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial.'" *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (citing *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir.1993), *rev'd on other grounds by Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994)). In evaluating a motion to strike, the court accepts the nonmoving party's allegations as true and liberally construes the pleadings in the nonmoving party's favor. *Ramachandran v. City of Los Altos*, 359 F. Supp. 3d 801, 809 (N.D. Cal. 2019); *Romero v. Securus Techs., Inc.*, 216 F. Supp. 3d 1078, 1095 (S.D. Cal. 2016).

  Motions to strike "are generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." *Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002) (citations omitted). They "'are generally not granted unless it is clear that the matter sought to be stricken could have no possible bearing on the subject matter of the litigation.'" *LockandLocate, LLC v. Hiscox Ins. Co.*, 549 F. Supp. 3d 1093, 1098 (C.D. Cal. 2021) (quoting *Gaines v. AT&T Mobility Servs., LLC*, 424 F. Supp. 3d 1004, 1014 (S.D. Cal. 2019)). Viewed in isolation, the text of Rule 12(f) does not require a showing of prejudice. *See* Fed. R. Civ. P. 12(f); *Atl. Richfield Co. v. Ramirez*, 176 F.3d 481, 1999 WL 273241, at*2 (9th Cir. 1999) (unpub.) ("Rule 12(f) says nothing about a showing of prejudice and allows a court to strike material sua sponte."). Regardless, many courts require a moving party to demonstrate adequate prejudice before exercising their discretion to grant a motion to strike, even if the "offending matter literally was within one or more of the categories set forth in Rule 12(f)." *See, e.g.*, *N.Y.C. Emps. Ret. Sys. v. Berry*, 667 F. Supp. 2d 1121, 1128 (N.D. Cal. 2009) (cleaned up).

/ / /

/ / /

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:22-cv-01824-FWS-KS  Date: October 18, 2022
Title: Matthew Guarnieri v. Be Money Inc.

### III. Discussion

    A.    Motion to Dismiss

        1.    *The EFTA*

Plaintiff's lone claim in this action is based on several alleged violations of the EFTA. Subject to limited exceptions, the EFTA provides that "any person who fails to comply with any provision of [the EFTA] with respect to any consumer . . . is liable to such consumer." 15 U.S.C. § 1693m(a); *see Widjaja v. JPMorgan Chase Bank, N.A.*, 21 F.4th 579, 584 (9th Cir. 2021) (noting § 1693m(a) "authorizes a private right of action").

§ 1693f requires a financial institution to investigate any "error" reported by a consumer within ten business days of its receipt of notice of the error. 15 U.S.C. §1693f(a). As an alternative, the financial institution may instead provisionally credit the customer's account for the alleged error, also within ten business days, while the investigation is pending. *Id.* § 1693f(c). In the latter case, the investigation must be completed within 45 days of the receipt of notice of the error. *Id.* In certain circumstances, the financial institution may take up to 90 days to complete its investigation. 12 C.F.R. §§ 205.11(c)(3), 1005.11(c)(3). Regardless, the financial institution must inform the consumer of the results of the investigation. *See* 15 U.S.C. §§ 1693f(a), (d); 12 C.F.R. §§ 205.11(c), 1005.11(c); *Green v. Cap. One, N.A.*, 557 F. Supp. 3d 441, 450 (S.D.N.Y. 2021). The Board of Governors of the Federal Reserve System and the Consumer Financial Protection Bureau ("CFPB") have issued regulations implementing the EFTA, which set forth conditions under which a financial institution's "review of its own records regarding an alleged error satisfies" the investigation requirement of § 1693(f). *See* 12 C.F.R. §§ 205.11(c)(4) & Supp. I (Board of Governors' Official Interpretation of § 205.11(c)(4)), 1005.11(c)(4) & Supp I (CFPB's Official Interpretation of § 1005.11(c)(4)).

The definition of "error" includes "an unauthorized electronic fund transfer." 15 U.S.C. § 1693(f)(1). The EFTA defines an "unauthorized electronic fund transfer" as "an electronic fund transfer from a consumer's account initiated by a person other than the consumer without actual authority to initiate such transfer and from which the consumer receives no benefit." 15 U.S.C. § 1693a(12). But that definition does not include an electronic fund transfer:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:22-cv-01824-FWS-KS                                            Date: October 18, 2022
Title: Matthew Guarnieri v. Be Money Inc.

> (A) initiated by a person other than the consumer who was furnished with the card, code, or other means of access to such consumer's account by such consumer, unless the consumer has notified the financial institution involved that transfers by such other person are no longer authorized, (B) initiated with fraudulent intent by the consumer or any person acting in concert with the consumer, or (C) which constitutes an error committed by a financial institution."

*Id.* § 1693a(12)(A)-(C). The Board of Governors' and CFPB's implementing regulations "proffer[] identical definitions of 'unauthorized electronic fund transfer,' [that] are substantially the same as the definition appearing in the statute." *Green*, 557 F. Supp. 3d at 447 (citing 12 C.F.R. §§ 205.2(m) (Board of Governors regulation), 1005.2(m) (CFPB regulation)).

In most situations, a consumer's liability for an unauthorized transfer, or series of related unauthorized transfers, cannot exceed $50. *See* 15 U.S.C. § 1693g; 12 C.F.R. § 1005.6(b). "That baseline cap on liability is subject to two exceptions, however." *Widjaja*, 21 F.4th at 582. First, the cap is raised to $500 "when the unauthorized transfers occur due to the loss or theft of an access device (such as an ATM card) and the consumer fails to notify her bank within two business days of learning that the device has been lost or stolen." *Id.* (citing 15 U.S.C. § 1693g(a); 12 C.F.R. § 1005.6(b)(2)). Second, the liability cap is "lifted if: (1) an unauthorized transfer appears on the monthly statement banks must send to consumers under 15 U.S.C. § 1693d(c); (2) the consumer fails to report the unauthorized transfer to her bank within 60 days after the statement is sent to her; and (3) the bank can establish that unauthorized transfers made after the 60-day period would not have occurred but for the consumer's failure to provide timely notice of the earlier unauthorized transfer." *Id.* at 582-83 (citing 15 U.S.C. § 1693g(a)). Where the second exception applies, the consumer's liability for unauthorized transfers occurring within the 60-day window cannot exceed $50 or $500, depending on the circumstances, but the consumer's liability is unlimited for unauthorized transfers effectuated after the 60-day period expires. *See* 12 C.F.R. § 1005.6(b)(3) & Supp. I, 6(b)(3).

/ / /

/ / /

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:22-cv-01824-FWS-KSDate: October 18, 2022
Title: Matthew Guarnieri v. Be Money Inc.

      2.      *Analysis*

           i.      *Whether Plaintiff Sufficiently Pleads an "Unauthorized" Transaction*

      Defendant argues Plaintiff's lone EFTA claim must be dismissed because the FAC does not plausibly plead an "error" within the meaning of the EFTA and Regulation E.  (Mot. at 8-9.) Defendant contends Plaintiff (1) does not plausibly plead a statutorily defined "unauthorized electronic fund transfer" or other "error," (*id.* at 9-11); (2) labels the Transaction as an "error" and "unauthorized" without factual support, (*id.* at 11-12); and (3) otherwise, fails to plead sufficient factual support for his claim, (*id.* at 12-15).  Plaintiff contends the FAC adequately pleads an "error" in that Plaintiff alleges he disputed the Transaction when checking out of the Ramada, which he did not authorize under the agreement purportedly covering "damages actually incurred."[2]  (Opp. at 12-15.)  Plaintiff further asserts that whether the Transaction was authorized and whether the disputed damage was actually incurred are factual disputes improper for resolution on a motion to dismiss, and that Defendant did not follow the statutorily required investigatory procedures.  (Opp. at 15-21.)  In rebuttal, Defendant argues Plaintiff's cited authority exclusively relies on cases decided before *Twombly* and *Iqbal* and that Plaintiff's allegations do not plausibly state a claim for relief under the operative pleading standard. (Reply at 2-8.)

      The FAC alleges the Transfer was an "unauthorized electronic transfer," and does not assert an "error" occurred on other grounds.  (*See* FAC ¶¶ 8-9.)  The FAC also alleges Plaintiff used his account through Defendant to pay for his stay at the Ramada.  (FAC ¶ 7.)  As Defendant notes, Plaintiff alleges the Transaction was "not authorized at check-out," but does not allege the payments made through Plaintiff's account for his stay were unauthorized.  (*See* FAC ¶ 9.)  In other words, Plaintiff alleges that he authorized an earlier transaction with the

---

[2] Because the FAC does not allege the terms of Plaintiff's purported agreement with the Ramada, (*see generally* FAC), and no requests for judicial notice have been filed regarding it, (*see generally* Dkt.), the court does not consider arguments relating to the agreement's scope in the court's analysis.  *See Tellabs*, 551 U.S. at 322 ("[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:22-cv-01824-FWS-KS                                         Date: October 18, 2022
Title: Matthew Guarnieri v. Be Money Inc.

Ramada through his account, but not the later Transaction. The EFTA's implementing regulations contemplate a similar situation:

> If a consumer furnishes an access device and grants authority to make transfers to a person (such as a family member or co-worker) who exceeds the authority given, the consumer is fully liable for the transfers unless the consumer has notified the financial institution that transfers by that person are no longer authorized.

12 C.F.R. §§ 1105, Supp. I, 2(m)(2), 205, Supp. I, 2(m)(2); *see also* 15 U.S.C. § 1693a(12)(A) (excluding from definition of "unauthorized electronic fund transfer" those "initiated by a person other than the consumer who was furnished with the card, code, or other means of access to such consumer's account by such consumer, unless the consumer has notified the financial institution involved that transfers by such other person are no longer authorized").

     The FAC does allege that Plaintiff notified Defendant that he intended to "dispute" the merits of the Transaction. But the FAC also alleges that Plaintiff "used his [] account [through Defendant] to pay for his stay at [the Ramada]," (FAC ¶ 2), suggesting Plaintiff authorized some degree of transactions, without providing detail as to the scope of the authorization. Given that the FAC also does not allege Plaintiff communicated to Defendant whether that authorization had been revoked—even if the charge was disputed—the court concludes the FAC does not allege sufficient facts from which the court could conclude, one way or the other, whether the Transaction was "unauthorized" under the EFTA or outside the scope of the definition set forth above.

     The court finds the FAC suffers from additional issues in establishing an "unauthorized" transaction. For the Transaction to be "unauthorized," (1) someone other than Plaintiff must have "initiated" it "without actual authority to initiate" the Transaction; and (2) Plaintiff must have "receive[d] no benefit" from it. *See* 15 U.S.C. § 1693a(12). In its current form, however, the FAC alleges Plaintiff believed the Transaction was "baseless," "inflated," "unfounded," and "made in bad faith" because Plaintiff did not receive sufficient proof of the damage from the Ramada, and that, as a general matter, Plaintiff did not initiate the Transaction. (*See* FAC ¶¶ 8-9, 11-15.) Despite alleging the Transaction was improper, the FAC never actually alleges Plaintiff or his feline companion did not cause the damage which the Transaction purportedly

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 2:22-cv-01824-FWS-KS | Date: October 18, 2022 |
| Title: Matthew Guarnieri v. Be Money Inc. | |

___

covers, such that Plaintiff did not receive the "benefit" of avoiding liability, even if the Transaction itself was unauthorized. *See Aikens v. Portfolio Recovery Assocs., LLC*, 716 F. App'x 37, 40 (2d Cir. 2017) (noting reduction of debt qualifies as a "benefit" under EFTA). As discussed above, moreover, the FAC also does not sufficiently allege any details of the authorization Plaintiff necessarily gave the Ramada to pay for the room as required to conclude the Transaction exceeded the Ramada's scope of its "authority to initiate" transactions through Plaintiff's account. Plaintiff raises arguments in the Opposition regarding his "agreement" with the Ramada, but neither alleges any specifics nor the general existence of this agreement in the FAC or any other document before the court. (*See generally* FAC; Dkt.) Though the FAC alleges the transfer was "unauthorized," (FAC ¶¶ 8-9), without further factual support, those statements are "legal conclusion[s], couched as fact[s], and [are] not sufficient under *Twombly* and *Iqbal* to state a claim." *Gilbert v. Bank of Am., N.A.*, 2014 WL 12644029, at *3 (N.D. Cal. Sept. 23, 2014). Accordingly, the FAC does not plausibly allege an "unauthorized" transaction.

As such, the court concludes the FAC's allegations do not plausibly allege that Defendant violated 12 C.F.R. § 1005.6 by failing to limit Plaintiff's liability. That regulation relates to the determination of "[a] consumer's liability for an unauthorized electronic fund transfer or a series of related unauthorized transfers." *See* 12 C.F.R. § 1005.6(b). Because the FAC does not plausibly plead an "unauthorized" transfer occurred, the FAC does not allege Defendant violated this provision of the EFTA. *Cf. Gilbert*, 2014 WL 12644029, at *3 (finding plaintiffs did not allege violation of EFTA where plaintiffs "affirmatively allege[d] facts that show they provided the Unauthorized Lenders 'other means of access' to their accounts" and "[did] not allege any facts to show that they notified [defendant] that the transactions at issue were no longer authorized").

But whether the Transaction was indeed an "error" in the form of an "unauthorized" transaction under the EFTA, the FAC still alleges Plaintiff timely reported it to Defendant. (FAC ¶ 9; *see also id.* ¶ 17-20.) And the FAC alleges other violations of the EFTA: (1) that Defendant failed to perform an adequate investigation; (2) provisionally credit Plaintiff within the statutory timeframes; and (3) Defendant did not provide Plaintiff with notice of the results of its investigation. Whether or not Plaintiff has plausibly pleaded the Transaction was "unauthorized" does not necessarily defeat the other theories underlying his claim based on

___

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 2:22-cv-01824-FWS-KS | Date: October 18, 2022 |
| Title: Matthew Guarnieri v. Be Money Inc. | |

noncompliance with the EFTA's related provisional crediting and investigatory provisions and/or notice requirement.

> By its terms, 15 U.S.C. §1693f(a) provides that:
>
> If a financial institution, within sixty days after having transmitted to a consumer documentation pursuant to section 1693d(a), (c), or (d) of this title or notification pursuant to section 1693d(b) of this title, receives oral or written notice in which the consumer—
>
> (1) sets forth or otherwise enables the financial institution to identify the name and account number of the consumer;
>
> (2) indicates the consumer's belief that the documentation, or, in the case of notification pursuant to section 1693d(b) of this title, the consumer's account, contains an error and the amount of such error; and
>
> (3) sets forth the reasons for the consumer's belief (where applicable) that an error has occurred,
>
> the financial institution shall investigate the alleged error, determine whether an error has occurred, and report or mail the results of such investigation and determination to the consumer within ten business days. The financial institution may require written confirmation to be provided to it within ten business days of an oral notification of error if, when the oral notification is made, the consumer is advised of such requirement and the address to which such confirmation should be sent. A financial institution which requires written confirmation in accordance with the previous sentence need not provisionally recredit a consumer's account in accordance with subsection (c), nor shall the financial institution be liable under subsection (e) if the written confirmation is not received within the ten-day period referred to in the previous sentence.

15 U.S.C. § 1693f(a).

---

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:22-cv-01824-FWS-KS                                                           Date: October 18, 2022
Title: Matthew Guarnieri v. Be Money Inc.

___

§ 1693f(a) speaks of a consumer's "belief" that its submitted documentation supports an "error" under the statue occurred.  It does not include a requirement for the consumer to necessarily demonstrate an "error" occurred before a financial institution is required to investigate the consumer's complaint.  By its terms, it requires only that a consumer provide "oral or written notice" in which the consumer "(1) sets forth or otherwise enables the financial institution to identify the name and account number of the consumer"; "(2) indicates the consumer's belief that the documentation, or, in the case of notification . . . the consumer's account, contains an error and the amount of such error;" and "(3) sets forth the reasons for the consumer's belief (where applicable) that an error has occurred." *Id.*  To read in a requirement that the consumer must also demonstrate an "error" before a financial institution is subject to the EFTA's investigatory proscriptions would not only contravene the boundaries of this criteria, but render § 1693f(d)'s requirement that a financial institution provide a customer with its explanation of its determination that an error *did not occur* entirely superfluous.  This proscription would serve no purpose if a financial institution could ignore the EFTA's investigatory requirements merely because a reported "error" turned out to be a valid transaction.

Accordingly, the court finds the EFTA's investigation requirement is triggered once a consumer reports a transaction was not authorized, even the transaction was not truly, as defined by the statute, "unauthorized."  As alleged, Plaintiff reported the Transaction within 60 days as not "authorized," but never received a response after waiting 45 days, and never received provisional credit once the initial ten-day period lapsed.  Plaintiff alleges he provided this notice via an online chat function, (FAC ¶¶ 17-19; *see also id.* ¶ 20), and stated he believed the Transaction was an error because the Ramada did not provide him with sufficient corroborating documentation or levy a charge commensurate with the damages the Ramada claimed it incurred.  Additionally, the FAC's allegations relating to Plaintiff's conversations, including the instance in which Defendant's representative identified when the "chargeback was created," (FAC ¶ 18), plausibly suggest Plaintiff provided Defendant with sufficient information to identify his account.  As such, the court finds Defendant was required to comply with § 1693f's error resolution process.

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 2:22-cv-01824-FWS-KS | Date: October 18, 2022 |
| Title: Matthew Guarnieri v. Be Money Inc. | |

___

Though the FAC alleges Defendant "denied Plaintiff's dispute and closed his account" approximately 38 days after Plaintiff submitted it, (*see* FAC ¶¶ 21, 26), the allegations plausibly support that Defendant did not provisionally credit Plaintiff's account while the investigation remained pending after ten days, and Defendant does not argue this communication statutorily complied with the EFTA's notice requirement in any event. Accordingly, the two theories underlying Plaintiff's EFTA claim that Defendant failed to give notice of its results of the investigation and failed to provisionally credit Plaintiff survive dismissal under Rule 12(b)(6). *See Los Angeles Lakers, Inc. v. Fed. Ins. Co.*, 869 F.3d 795, 800 (9th Cir. 2017) (dismissal under Rule 12(b)(6) is proper "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory") (quoting *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010)). However, because the FAC does not contain further supporting factual allegations regarding Defendant's purported failure to investigate Plaintiff's claim in its entirety aside from asserting the legal conclusions that these two other violations occurred, (*see generally* FAC), to the extent it alleges an additional violation of the EFTA on this basis, that theory is not plausibly pleaded. *See Gilbert*, 2014 WL 12644029, at *3.

> ii. *Plaintiff's Standing to Pursue the Remaining Theories of Liability Under the EFTA*

The court must consider whether Plaintiff has standing to pursue the surviving theories of his claim based on Defendant's purported violations of the EFTA in the absence of pleading an unauthorized transaction within the meaning of the statute. "[C]ourts have an 'independent obligation' to police their own subject matter jurisdiction, including the parties' standing." *Animal Legal Def. Fund v. United States Dep't of Agric.*, 935 F.3d 858, 866 (9th Cir. 2019) (citations omitted); *see also Summers v. Earth Island Inst.*, 555 U.S. 488, 499 (2009). Accordingly, courts "are required sua sponte to examine jurisdictional issues such as standing." *Molski v. Arby's Huntington Beach*, 359 F. Supp. 2d 938, 943 (C.D. Cal. 2005) (citing *B.C. v. Plumas Unified Sch. Dist.*, 192 F.3d 1260, 1264 (9th Cir.1999)). The Ninth Circuit has adopted a two-step framework to determine whether statutory violations are sufficiently concrete to confer standing: "(1) whether the statutory provisions at issue were established to protect a plaintiff's concrete interests (as opposed to purely procedural rights), and if so, (2) whether the specific procedural violations alleged in this case actually harm, or present a material risk of

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 2:22-cv-01824-FWS-KS | Date: October 18, 2022 |
| Title: Matthew Guarnieri v. Be Money Inc. | |

harm to, such interests." *Tailford v. Experian Info. Sols., Inc.*, 26 F.4th 1092, 1099 (9th Cir. 2022) (cleaned up).

Enacted in 1978, the EFTA's stated purpose is "to provide a basic framework establishing the rights, liabilities, and responsibilities of participants in electronic fund and remittance transfer systems." 15 U.S.C. § 1693(b). The statute's "primary objective" is "the protection of individual consumer rights." *Id.*; *see also* 12 C.F.R. § 1005.1(b) ("The primary objective of the [EFTA] and this part is the protection of individual consumers engaging in electronic fund transfers and remittance transfers."). "The language of the EFTA indicates that the consumer protection measures contemplated by it are aimed at promoting disclosure, preventing fraud, and allocating liability." *Bank of Am. v. City & Cnty. of San Francisco*, 309 F.3d 551, 564 (9th Cir. 2002) (citations omitted).

Considering the statute's purpose, text, and that the EFTA "covers a range of electronic money transfers and 'subjects them to a litany of procedural requirements designed to protect consumers from transactions made in error or without their consent,'" *Abrantes v. Fitness 19 LLC*, 2017 WL 4075576, at *3 (E.D. Cal. Sept. 14, 2017) (quoting *Wike v. Vertrue, Inc.*, 566 F.3d 590, 592 (6th Cir. 2009)), the court concludes it was established to protect consumers from errant and unauthorized monetary transfers. As such, the interests sought to be protected by the requirements of the EFTA at issue are "concrete" and are not "purely procedural rights" in that they protect consumers against the risk of fraudulent loss in electronic fund transfers. *See Robins v. Spokeo, Inc.* (*Spokeo III*), 867 F.3d 1108, 1113-15 (9th Cir. 2017) (holding procedural requirements of FCRA were established to protect consumers' concrete interests in accurate credit reporting about themselves considering the statute's purpose, provisions protecting interests similar to historically recognized harms, and because the "threat to a consumer's livelihood is caused by the very existence of inaccurate information in [their] credit report and the likelihood that such information will be important to one of the many entities who make use of such reports"); *Widjaja*, 21 F.4th 579, 584 (9th Cir. 2021) (noting the Ninth Circuit's holding in FCRA action was a "similar context" to the EFTA claims at issue) (citing *Nayab v. Capital One Bank (USA), N.A.*, 942 F.3d 480, 495-97 (9th Cir. 2019)); *accord Nelson v. Pacwest Energy LLC*, 2018 WL 3575832, at *4 (D. Ariz. July 24, 2018).

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:22-cv-01824-FWS-KS  Date: October 18, 2022
Title: Matthew Guarnieri v. Be Money Inc.

___

Turning to the second prong of the Ninth Circuit's test, the court finds only one of Plaintiff's remaining theories of EFTA liability is sufficiently concrete to satisfy Article III's injury-in-fact requirement. As discussed above, the FAC alleges Defendant did not follow the procedural requirements requiring Defendant to provisionally credit Plaintiff after the ten-day investigatory period expired and that Defendant did not properly provide Plaintiff with notice of the results of its investigation, but the FAC does not plausibly allege an "unauthorized" transfer or inadequate investigation occurred.

Without those allegations, one of the two remaining violations the FAC alleges occurred—the alleged failures of Defendant to provide notice of the results of its investigation—is a "bare procedural violation, divorced from any concrete harm." *Spokeo, Inc. v. Robins* (*Spokeo II*), 578 U.S. 330, 342 (2016). As discussed above, absent an adequately alleged "unauthorized" transaction, Defendant was not required to limit Plaintiff's liability under 12 C.F.R. § 1005.6. *See* 12 C.F.R. § 1005.6(b) (noting "[a] consumer's liability for an unauthorized electronic fund transfer or a series of related unauthorized transfers shall be determined" pursuant to the applicable regulations). Regardless of whether Defendant notified Plaintiff of the results of its investigation, Defendant denied Plaintiff's complaint. Because the FAC insufficiently alleges Plaintiff suffered independent harm via Defendant's failure to notify him of the results of its investigation, Defendant's alleged failure to do so is "an asserted informational injury that cause[d] no adverse effects" and therefore "cannot satisfy Article III." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2214 (June 25, 2021) (citation and internal quotation marks omitted).

However, the FAC's purported violation of failing to provide a provisional credit to Plaintiff is sufficient to demonstrate Article III standing. To be sure, Defendant allegedly failed to provide a provisional credit which, as a factual matter, may have been later revoked per the FAC's allegations. *See* 12 C.F.R. §§ 205, Supp. I, 11(c) ¶ 7, (d)(2) (procedures relating to debiting provisional credits), 1005.11, Supp I, 11(c) ¶ 7, (d)(2) (same). But "'[t]he inability to have and use money to which a party is entitled is a concrete injury,'" *Van v. LLR, Inc.*, 962 F.3d 1160, 1161 (9th Cir. 2020) (alteration in original) (quoting *MSPA Claims 1, LLC v. Tenet Fla., Inc.*, 918 F.3d 1312, 1318 (11th Cir. 2019)), because "'[e]very day that a sum of money is wrongfully withheld, its rightful owner loses the time value of the money,'" *id.* (alteration in original) (quoting *Habitat Educ. Ctr. v. U.S. Forest Serv.*, 607 F.3d 453, 457 (7th Cir. 2010)).

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:22-cv-01824-FWS-KS                              Date: October 18, 2022
Title: Matthew Guarnieri v. Be Money Inc.

___

As is particularly relevant here, a plaintiff has standing "'even when banks later restore the principal'" because "'unauthorized withdrawals from their accounts cause a loss (the time value of money).'" *Id.* at 1162 (quoting *Dieffenbach v. Barnes & Noble, Inc.*, 887 F.3d 826, 828 (7th Cir. 2018)). The court finds no issue regarding traceability because Plaintiff alleges Defendant was the party responsible to provide him with a provisional credit. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (holding "the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court") (cleaned up). The court similarly finds the FAC's allegations adequately demonstrate redressability, because the EFTA is a statute that "provide[s] for monetary damages, which redress the violation of statutory rights." *Robins v. Spokeo, Inc.* (*Spokeo I*), 742 F.3d 409, 414 (9th Cir. 2014) (citation omitted), *rev'd on other grounds*, 578 U.S. 330 (2016).

Accordingly, the court finds the FAC insufficiently demonstrates Article III standing on Plaintiff's asserted violations of the EFTA relating to Defendant's failure to notify Plaintiff of the results of its investigation, but that Plaintiff's alleged violation pertaining to Defendant's failure to provisionally credit Plaintiff's account is sufficiently pleaded to survive the Motion. *See Nelson*, 2018 WL 3575832, at *5-*6 (D. Ariz. July 24, 2018) (finding "allegations related to [p]laintiffs' alleged actual harm in the FAC [were] insufficient to establish standing under the EFTA" where plaintiffs did not plausibly allege that "[plaintiff] misunderstood the terms of the [authorization agreement signed by plaintiff] or that [defendant] exceeded those terms in any way" and otherwise supported allegations they suffered an "increased risk of fraud" with "conclusory statement[s]"). Accordingly, the court **DISMISSES IN PART WITHOUT PREJUDICE** Plaintiff's EFTA claim based on Defendant's purported noncompliance with the EFTA's provisions regarding the relevant liability limiting, investigatory, and notice procedures, but the court **DENIES IN PART** the Motion as to Plaintiff's asserted violation of the EFTA's provisional crediting procedure.

B.   <u>Motion to Strike Plaintiff's Class Allegations</u>

Defendant argues Plaintiff's class allegations should be stricken because (1) his individual claim fails; and (2) regardless, individual issues will predominate among the class members. (Mot. at 15-16; Reply at 9-10.) Plaintiff notes striking class allegations before class

___

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:22-cv-01824-FWS-KS                                    Date: October 18, 2022
Title: Matthew Guarnieri v. Be Money Inc.

---

certification is rare and contends that he will be able to demonstrate a class that satisfies the requirements of Rule 23 after an opportunity to conduct class discovery.  (Opp. at 23-32.)

"Motions to strike class allegations are [] generally disfavored, particularly where the arguments against the class claims would benefit from discovery or would otherwise be more appropriate in a motion for class certification."  *Lemus v. Rite Aid Corp.*, --- F. Supp. 3d ---, 2022 WL 2721385, at *3 (C.D. Cal. July 7, 2022) (citing *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009)).  But, in some circumstances, "the issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim."  *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982).  Accordingly, a court may grant a motion to strike class allegations if it is clear from the complaint that the class claims cannot be maintained.  *See, e.g.*, *Fernandez v. CoreLogic Credco, LLC.*, --- F. Supp. 3d ---, 2022 WL 891226, at *16 (S.D. Cal. Mar. 25, 2022).

As noted by another court, "[w]hile defendant cites several cases for the proposition that class allegations can be stricken at the pleadings stage, it is in fact rare to do so in advance of a motion for class certification."  *Cholakyan v. Mercedes-Benz USA, LLC*, 796 F. Supp. 2d 1220, 1245 (C.D. Cal. 2011) (collecting cases).  Indeed, one of those cases, (Mot. at 7), made the same observation when denying a defendant's motion to strike a plaintiff's class action allegations.  *See Meyer v. Nat'l Tenant Network, Inc.*, 10 F. Supp. 3d 1096, 1104 (N.D. Cal. 2014) (quoting *Cholakyan*, 796 F. Supp. 2d at 1245); *id.* ("[W]hile [p]laintiffs' class claims may ultimately fail, [d]efendant has not explained what about those class allegations are 'redundant, immaterial, or impertinent and scandalous matter.'") (quoting Fed. R. Civ. P. 12(f)).

Given the authorities above and "[a]lthough Defendant's arguments may ultimately prevail, the [c]ourt declines to address issues of class certification at this time."  *See Trim v. CMRE Fin. Servs., Inc.*, 2021 WL 4936335, at *3 (S.D. Cal. Mar. 15, 2021) (citation omitted).  Even though the court dismisses certain theories underlying Plaintiff's EFTA claim as described above, Defendant's Motion is still premature.  *See Alvarez v. Hyatt Regency Long Beach*, 2009 WL 10673222, at *1, *4 (C.D. Cal. Aug. 6, 2009) (denying motion to strike class allegations as premature despite finding plaintiffs did not meet the pleading requirement and dismissing claims without prejudice).  In essence, "[b]ecause Defendant's Rule 12(f) motion is based on

---

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:22-cv-01824-FWS-KS                                   Date: October 18, 2022
Title: Matthew Guarnieri v. Be Money Inc.

_____

the appropriateness of maintaining a class action, the court declines to dismiss Plaintiff's class allegations at the precertification stage." *See Fernandez*, 2022 WL 891226, at *17. Accordingly, the court finds Defendant's Motion to Strike is premature at this time. Thus, the court **DENIES WITHOUT PREJUDICE** Defendant's Motion to Strike.

      C.    <u>Leave to Amend</u>

Defendant requests the court deny leave to amend because Plaintiff amended his original Complaint in response to Defendant's earlier Motion to Dismiss and argues the Opposition must "disclose specific facts that tend to exclude [Defendant's alternative] explanation." (Mot. at 16; Reply at 10.) Plaintiff requests leave to amend. (Opp. at 33.)

Rule 15 generally advises "that leave shall be freely given when justice so requires," a policy that is "applied with extreme liberality." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citations and internal quotation marks omitted); *see also* Fed. R. Civ. P. 15(a). The court does not find grating leave to amend the FAC would be futile, or that circumstances exist which would justify denying leave to amend. *See Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) ("Courts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc.'") (alteration in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Keeping with "black-letter law that a district court must give plaintiffs at least one chance to amend a deficient complaint" in the absence of a finding that "there has been a clear showing that amendment would be futile," the court grants Plaintiff leave to amend the claims dismissed by this Order. *Barke v. Banks*, 25 F.4th 714, 721 (9th Cir. 2022) (citation and internal quotation marks omitted).

The court briefly notes that, under the circumstances, Plaintiff need not disclose specific facts justifying leave to amend. On the contrary, "in a line of cases stretching back [over] 50 years," the Ninth Circuit has "held that in dismissing for failure to state a claim under Rule 12(b)(6), 'a district court should grant leave to amend *even if no request to amend the pleading was made*, unless it determines that the pleading could not possibly be cured by the allegation

_____

---

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.: 2:22-cv-01824-FWS-KS | Date: October 18, 2022 |
| Title: Matthew Guarnieri v. Be Money Inc. | |

---

of other facts.'" *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (emphasis added) (collecting cases). The court makes no such determination here.

While the passage in *Salameh v. Tarsadia Hotel* cited by Defendant indeed notes "[a] plaintiff may not in substance say 'trust me,' and thereby gain a license for further amendment when prior opportunity to amend had been given," 726 F.3d 1124, 1133 (9th Cir. 2013), several distinguishing features of *Salameh* are not present here. Plaintiff has not previously sought leave from the court; has not "represented to the [] court that he knew additional facts that could solve the deficiencies in the complaint, [without] counsel [ever] proffer[ing] these facts"; and the court has not given Plaintiff "specific instructions on how to amend the complaint, [with which Plaintiff has] not compl[ied]." *See id.* Additionally, the Ninth Circuit found that the district court in *Salameh* did not abuse its discretion in denying leave to amend on those facts, not that courts must deny a plaintiff leave to amend when those circumstances are present. *Id.*

### IV. Disposition

For the reasons set forth above, the court **GRANTS IN PART AND DENIES IN PART** Defendant's Motion to Dismiss and **DENIES** Defendant's Motion to Strike. Should Plaintiff desire to file an Amended Complaint that addresses the issues in this ruling, Plaintiffs must file and serve it within **thirty (30) days** of the filing of this Order.

**IT IS SO ORDERED.**

Initials of Deputy Clerk: mku

---